Filed 12/19/22  P. v. Marin CA2/3

(opinion on remand from Supreme Court)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B308620 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA071960) |
| v. | |
| CORINA MARIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renée F. Korn, Judge.  Remanded with direction.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

In 1994, a jury convicted Corina Marin (Marin) of first-degree murder and found true the special circumstance allegation that the murder was committed while she was engaged in the commission of robbery.  She was sentenced to life without the possibility of parole.  On direct appeal we affirmed Marin's conviction.  (*People v. Marin* (Feb. 5, 1996, B086974) [nonpub. opn.].)

Following our affirmance, Marin petitioned for resentencing under Penal Code[1] section 1170.95.[2]  Based on then-existing law, the trial court denied her request, concluding she was either the actual killer, a direct aider and abettor to the murder, or she was a major participant in the underlying crime who acted with reckless indifference to human life.  On October 28, 2021, this court affirmed the trial court's denial of relief. *(People v. Marin* (Oct. 28, 2021, B308620) [nonpub. opn.].)  Marin petitioned for review.

On January 5, 2022, our Supreme Court granted review and has now transferred the matter back to this court with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).

The parties agree *Strong* requires we reverse the superior court's order denying Marin's petition for resentencing on her murder conviction in count one and that this case should be remanded to the trial court for issuance of an order to show cause

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 with no change in text.  (Stats. 2022, ch. 58 § 10.)

under section 1172.6, subdivision (c) and further proceedings under subdivision (d) of section 1172.6. We agree.[3]

## BACKGROUND

On November 30, 1992, Guillermo Villa was found dead, lying in a pool of blood, in his home. He was 87 years old. Villa suffered a fractured larynx due to strangulation, blunt force trauma to both eyes, a broken cheekbone, eight broken ribs on his right side and three broken ribs on his left side, hemorrhaging under his scalp on both sides of his head, five or six puncture wounds to his forehead, and defensive wounds to his left hand, wrist, knuckles and fingers. Some of his teeth were knocked out. A belt was around his neck. The coroner determined Villa died of multiple traumatic injuries and manual strangulation. The motive for Villa's murder appeared to be robbery. He was known to keep sizable amounts of cash in large denominations. Backing up this theory was the discovery his wallet was missing, and one of the bedrooms had been ransacked.

Investigators quickly zeroed in on Marin as a suspect. Marin's mother lived in a house belonging to Antonio Garcia, Villa's brother-in-law. Garcia's home abutted that belonging to Villa. On the day of Villa's death, Marin asked him to lend her money. Villa gave her $8.00. Later that day, Marin was seen on a corner four blocks from Villa's house. A neighbor saw her across the street from Villa's house about one and a half hours after the murder.

---

[3] The background is from the prior opinion in this matter, *People v. Marin* (Oct. 28, 2021, B308620) [nonpub. opn.], of which we have taken judicial notice by our own motion. (Evid. Code, §§ 451, 459.)

On November 30, 1992, the day Villa was murdered, investigators located Marin at an abandoned house near Villa's home. The soles of her shoes and tread design matched a shoe print on Villa's chest and shoe prints on Villa's clothes. Blood stains on her shoes shared Villa's genetic markers.

When, during her arrest, Marin was escorted to a bathroom, she was observed removing a $100 bill from her vagina. Asked if anyone else was involved, and if she wanted to talk, Marin said, "What for? I'll still be in jail. We get the same anyhow."

Marin was charged with murdering Villa. A jury convicted her of first-degree murder with a true finding of robbery-murder special circumstance (§§ 187, subd. (a), 190.2, subd. (a)(17); count 1), and two counts of robbery (§ 211; counts 3 & 4). It was further alleged under a felony-murder theory that the murder was committed during the commission of a robbery and burglary.

Marin was sentenced to life without the possibility of parole. As previously noted, her sentence was affirmed by this court.

On April 17, 2019, Marin filed a petition pursuant to section 1170.95, asserting she could not be then-convicted of murder due to statutory changes made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). The trial court found Marin failed to make a *prima facie* showing she was entitled to relief because the record showed she was either the actual killer, or a direct participant in the underlying felonies or a major participant acting with reckless indifference to human life. We affirmed the decision of the trial court. Marin petitioned to the California Supreme Court.

4

The Supreme Court granted Marin's petition for review, and on October 26, 2022, remanded the matter back to our court with directions to vacate our decision and reconsider the cause in light of *Strong*, *supra*, 13 Cal.5th 698. *Strong* concluded that a special circumstance finding predating *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both of which substantially narrowed and clarified the class of defendants who are major participants acting with reckless indifference to human life during a felony, does not preclude eligibility for resentencing. As we now explain and as the People concede, remand is now required.

## DISCUSSION

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) As relevant here, Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e) which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: 1) was the actual killer; 2) was not the actual killer, but with the intent to kill, acted as a direct aider and abettor; or 3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*Gentile*, at p. 842.)

Senate Bill 1437 also renumbered section 1170.95 as 1172.6, and added subdivision (c), which created a procedure whereby persons convicted of murder under a now-invalid felony-murder theory may petition for vacation of their convictions and obtain resentencing. A defendant is eligible for relief under

5

section 1172.6 if the defendant meets three conditions:  1) the defendant must have been charged with murder under a theory of felony-murder 2) the defendant must have been convicted of first or second degree murder, and 3) the defendant could no longer be convicted of first or second degree murder because of changes to sections 188 and 189, effectuated by Senate Bill 1437. (§ 1172.6, subd. (a).)  If the petitioner makes a prima facie showing of entitlement to relief, the trial court shall issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing at which the prosecution bears the burden of proving "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder" under the law as amended by Senate Bill 1437.  (§ 1172.6, subd. (d)(3).)

Marin has challenged the trial court's order denying her petition on the ground it erred when it found she was ineligible for resentencing based on the jury's special circumstance finding, even though they predated the Supreme Court's decisions in *Banks* and *Clark*.

In *Strong*, *supra*, 13 Cal.5th at pages 719–720, our high court determined that a true finding on a felony-murder special circumstances allegation, decided before the decisions *Banks* and *Clark* does not serve to preclude, as a matter of law, resentencing relief under Penal Code section 1172.6 (formerly section 1170.95, enacted by Senate Bill 1437).  The Court reasoned that both *Banks* and *Clark* represented the type of significant change in the law traditionally found to warrant a re-examination of earlier, litigated decisions.  Thus, pre-*Banks* and *Clark* felony-murder special circumstance findings do not preclude relief at the prima facie stage of the resentencing procedure under section 1172.6, subdivision (c).  Marin falls within that category of cases.

6

Therefore, pursuant to *Strong*, she is entitled to an evidentiary hearing under section 1172.6, subdivision (d)(3).

## DISPOSITION

The order denying Corina Marin's petition for resentencing as to her murder conviction in count one is reversed, and the matter is remanded with direction to the trial court to appoint new counsel for her, to issue an order to show cause, and to conduct an evidentiary hearing in accordance with Penal Code section 1172.6, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

BENKE, J.[*]

We concur:

EDMON, P. J.

EGERTON, J.

---

[*] Retired Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.